(26 Misc. Rep. 544.)

### FITCHETT v. MURPHY et al. .

(Supreme Court, Special Term, Kings County. March 1, 1899.)

1. CORPORATIONS—SALARIES OF DIRECTORS.
    Directors of a company have no right to vote salaries to themselves as mere incidents to their offices.

2. SAME.
    Where directors of a company, by separate resolutions, voted salaries to themselves, the fact that each director refrained from voting on the resolution fixing his salary does not render such resolutions valid.

3. SAME.
    That, when a company was organized, salaries were given to the stockholders in proportion to the amount of their stock, as a method of dividing the earnings, is not a precedent which renders valid subsequent resolutions of the directors of the company voting themselves salaries as mere incidents to their offices.

4. SAME—REVIEW IN EQUITY.
    Since directors of a company, in voting salaries to themselves, are dealing with themselves in respect to their trust, their action in so doing may be attacked by the stockholders in a court of equity.

Suit by Margaret Fitchett, as administrator of the estate of George H. Fitchett, against Thomas J. Murphy and others. Judgment for plaintiff.

This is an action by a stockholder to restrain the directors of a business corporation from wasting the earnings of the corporation by means of exorbitant salaries to themselves.

The company was incorporated in August, 1894, by five persons of whom the said directors (the individual defendants herein) are three. The nominal capital stock was $9,000 divided into 90 shares. The incorporators took all of the shares. Each took 15 shares except the defendant Murphy who took 30; and so the shares are held yet, except that one incorporator is dead and represented by the plaintiff, and another has sold his shares to one Hyde. Immediately after incorporation the board of directors (then consisting of the plaintiff's intestate and defendants Murphy and Link) elected a president, vice president, secretary, treasurer and manager (giving each stockholder one of these offices); and then voted a salary of $50 a week to each, except that $100 a week was voted to the said Murphy. This continued until May, 1897, when the board of directors (then composed of the same persons as now) voted to themselves the following salaries, viz.: To Murphy as president $100 a week, to Link as treasurer and general manager $80 a week, to Fay as secretary and solicitor of business $50 a week. The plaintiff's intestate and the said new stockholder Hyde were given no salaries. The receipts of the company are about $65,000 a year, and the expenses, exclusive of the said salaries, about $35,000.

Hugo Hirsh, for plaintiff.
W. J. Foster, for defendants.

GAYNOR, J. Directors of a corporation have no right to vote salaries to themselves as mere incidents to their offices, as was done here. They are not, however, debarred from becoming employés of the corporation, and they are entitled to a reasonable compensation

for their services as such. But as in fixing their compensation they are in the position of trustees dealing with themselves in respect of their trust, their action is subject to question by the stockholders, and to review by a court of equity at the suit of a stockholder. In the case of a large board of directors, the fixing of the salary of one of their number for prescribed services might be deemed conclusive, where the influence of the one employed was obviously not a factor therein. This case is quite different. At the same meeting three separate resolutions were passed fixing salaries for all of the directors. That each one refrained from voting on the resolution fixing his salary does not change the case. Too much importance is attached to that formality. Wool is not so easily pulled over the eyes of the law. All was done under the same arrangement.

Before the passing of the resolution of May, 1897, the system of so-called salaries was nothing but a division of earnings, for under it all of the stockholders were paid in proportion to their holdings of stock. It is therefore no precedent for the said later resolution.

The difficulty of the case arises from the meagerness of the evidence as to the services rendered by two of the directors, and of the value of the services. But I think that $5,500 is a fair compensation for all of the services rendered by the three directors, including their expenses therein.

Judgment accordingly.